FILED

March 12, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 3:30 PM

## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

**EMPLOYEE: John Beers**

**DOCKET #: 2014-06-0079**

**EMPLOYER: Rajendra Bhakta, d/b/a Ram Construction**

**STATE FILE #: 93780-2014**

**INSURANCE CARRIER:   Auto Owners Insurance**

**DATE OF INJURY: November 28, 2014**

## EXPEDITED HEARING ORDER DENYING BENEFITS ON THE GROUNDS OF COMPENSABILITY

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by John Beers, Employee, on March 10, 2015. The Court finds as follows:

On February 27, 2015, Mr. Beers filed a Request for Expedited Hearing with the Tennessee Court of Workers' Compensation Claims, Division of Workers' Compensation pursuant to Tennessee Code Annotated section 50-6-239 to determine if Employer, Rajendra Bhakta, a/k/a "Ray" Bhakta, d/b/a Ram Construction ("Ram"), is obligated to provide temporary disability and medical benefits. Mr. Beers represented himself[1]. Attorney Michael Haynie represented Ram. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes that Mr. Beers is not entitled to the requested benefits.

## ANALYSIS

### Issues

1. *Whether Mr. Beers was a statutory employee of Ram at the time of the alleged injury.*

2. *Whether Mr. Beers sustained an injury that arose primarily out of and in the course and scope of employment with Ram.*

---

1 At the beginning of the Expedited Hearing, Mr. Beers informed the Court that he encountered difficulty finding a lawyer to accept his case, but that on the morning of the hearing, an attorney indicated that he might be able to refer Mr. Beers to a lawyer. The Court engaged Mr. Beers on the possibility of a continuance, but Mr. Beers ultimately opted to proceed with the hearing *pro se.*

1

## Evidence Submitted

The Court admitted into evidence the exhibits below:

1. Medical records of John Beers, Vol. I
2. Medical records of John Beers, Vol. II
   - Supplemental records 1 of 5: Skyline Medical Center, Summit Medical Center (148 pages)
   - Supplemental records 2 of 5: Summit Medical Center (175 Pages)
   - Supplemental records 3 of 5: Summit Medical Center (155 pages)
   - Supplemental records 4 of 5: Summit Medical Center (114 pages)
   - Supplemental records 5 of 5: (81 pages)
3. Check from Subway Store #22053 to Mr. Beers, December 21, 2014
4. Check cashing reports; payors:
   a. Bhula LLC, d/b/a Comfort Inn
   b. TNG Contractors LLC
   c. Best Western Inn
   d. Sherri and Doug Faulkner
   e. The Hartford
   f. Global money order
   g. Two (2) Western Union money orders
5. Check cashing reports; payor: Nashville Hotel at the Crossings, eleven (11) transactions
6. Invoices, New Look
7. Building Commercial permit, November 6, 2014
8. Building Commercial permit, signed by Mr. Bhakta, December 5, 2014
9. Certified copies of criminal convictions (92 pages).

The Court designates the following as the technical record:

- Petition for Benefit Determination, December 4, 2014
- Form C-23, Notice of Denial, December 31, 2014
- Dispute Certification Notice, January 30, 2015
- Request for Expedited Hearing, February 27, 2015.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments thereto as allegations unless established by the evidence.

The following witnesses provided live, in-person testimony:

- Mr. Beers
- Mr. Bhakta.

2

## History of Claim

Both parties testified at length, but the Court's Order focuses upon those facts that are relevant to the central issue.

Mr. Beers is a forty-seven (47) year-old resident of Cheatham County. He testified that he "worked for" Mr. Bhakta, owner of Ram Construction, "off and on" for approximately one and one-half (1-1/2) years prior to the alleged incident, performing construction work in various hotels. For "big jobs," Mr. Bhakta sometimes paid him in lump sum, via checks where the payor was "Nashville Hotel at the Crossins" (sic.) (Exhibit 5). Mr. Bhakta also paid him with a check from the Best Western Inn in Winchester (Exhibit 4, page 3).

According to Mr. Beers, at an unspecified date, Mr. Bhakta offered him work at the Dickerson Road Motel, a/k/a the Trinity Inn, paying seventeen dollars ($17) per hour for ten to twelve (10-12) hours per day, seven (7) days per week. For his work at the Trinity Inn, Mr. Beers testified that Mr. Bhakta paid him with a check from Subway Store #22053 (Exhibit 3). At this particular jobsite, Mr. Beers reported to an individual known to him only as "Pops."

Mr. Beers testified that, on November 28, 2014, while making roof repairs at the Trinity Inn, he fell from a ladder, injuring his head and low back. Mr. Beers went to the emergency department at Skyline Medical Center immediately afterward and was discharged the same day (*See generally,* Exhibit 1).

On cross-examination, Mr. Beers admitted that in the Skyline medical records, he listed his employer/guarantor as "New Look Construction" (Exhibit 1, p. 31), but said it was a former business and that at the time of the injury he worked for Mr. Bhakta. He used invoices bearing the name "New Look" with Mr. Bhakta for his work and materials at the Holiday Inn Express for "numerous jobs" (Exhibit 6). Mr. Beers acknowledged that Mr. Vijay Patel, a/k/a B.J. Patel, rather than Mr. Bhakta, wrote the check (Exhibit 3) for his work at the Trinity Inn, and that he does not know whether Pops works for Mr. Patel or Mr. Bhakta. He said that Mr. Patel told him to come to work on the date of the alleged injury, and that Mr. Patel owns the Trinity Inn. According to Mr. Beers, Mr. Bhakta "pulled the permit[2]," so that no further work could be done at the Trinity Inn. Mr. Beers conceded numerous felony convictions (Exhibit 9).

Mr. Beers called Mr. Bhakta as a witness. On direct examination, Mr. Bhakta testified that he is a general contractor. Further, Ram reports to its workers' compensation carrier that it has no employees because it uses subcontractors. Ram provides supervision of work performed by its subcontractors and ensures the timely completion of projects. He said he told staff at Skyline that Mr. Beers was not his employee on the date of the alleged accident.

Mr. Bhakta admitted a previous working relationship with Mr. Beers. On cross-examination by his Counsel, Mr. Bhakta acknowledged that he hired Mr. Beers to perform work on the pool at the Holiday Inn Express in March or early April 2014. He testified that he became dissatisfied with Mr. Beers' work and subsequently terminated his services in October or

---

2 The Court interprets the phrase "pulled the permit" in this context to mean cancelled or withdrew the permit after its issuance.

September 2014.

Mr. Bhakta testified that he was "helping out" Mr. Patel with work on his hotel because it was Mr. Patel's first construction project, but that his involvement ended prior to Mr. Beers' date of injury. The Construction permit, dated November 6, 2014, lists Ram Construction as the Contractor (Exhibit 7). Under the signature line, it reads "Rajendra Bhakta," but Mr. Patel signed it. According to Mr. Bhakta, the permit was for demolition only[3], but he later learned that other, unauthorized work took place on the site. In response, he contacted the city to stop work. An identical copy of the permit bears the handwritten notation, "Cancell (sic.) permits 12-5-15 Rajendra Bhakta" (Exhibit 8)[4]. Mr. Bhakta said does not know "Pops," nor did he write any checks to Mr. Beers while he worked at the Trinity Inn. He stated that Ram was not the general contractor at Trinity Inn on November 28, 2014, and Mr. Beers was neither his employee nor his subcontractor on that date.

On rebuttal, Mr. Beers testified that, on the Trinity Inn project, "Everything had to go through Ray," and that Mr. Bhakta summoned him to his office several times to discuss the project, including his hours and all monies.

The Carrier, Auto Owners, denied the claim. It has not paid medical or temporary disability benefits.

### Mr. Beers' Contentions

Mr. Beers contends he was an employee at the time of the alleged injury and is therefore eligible for workers' compensation benefits. Mr. Beers asserts he sustained an injury arising primarily out of and in the course and scope of employment with Ram.

### Ram's Contentions

Ram contends Mr. Beers was not an employee at the time of the alleged injury and therefore the denial was proper. Mr. Bhakta did not oversee the Trinity Inn project, and terminated his involvement with it prior to the alleged accident. Mr. Beers is not credible. Mr. Beers did not sustain an injury arising primarily out of and in the course and scope of employment.

### Findings of Fact and Conclusions of Law

*Standard Applied*

When determining whether to award benefits, the Judge must decide whether the moving party is likely to succeed on the merits at trial given the information available. *See generally, McCall v. Nat'l Health Care Corp.*, 100 S.W.3d 209, 214 (Tenn. 2003). In a workers' compensation action, pursuant to Tennessee Code Annotated section 50-6-239(c)(6) (2014), the

---

3 Exhibit 7 clearly states, "to make renovations and re-roof fire-damaged hotel."
4 The Court notes that this is simply a handwritten notation by Mr. Bhakta on the original, unsigned permit form, which bears no official stamp or seal of the Metropolitan government.

employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. The employee must show the injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13) (2014).

*Dispositive Factual Finding*

On the date of the alleged injury, Mr. Beers did not work for Ram as a statutory employee.

*Application of Law to Facts*

The dispositive issue in this case is whether, on the date of the injury, Mr. Beers worked for Mr. Bhakta as a statutory employee. Mr. Beers has mistakenly focused on the parties' entire history to argue that he was Ram's employee for the entirety of the Trinity Inn project. However, the central question for this Court is their relationship only on the date of the alleged incident.

Tennessee Workers' Compensation law defines "Employee" as "every person, including a minor, whether lawfully or unlawfully employed...under any contract of hire or apprenticeship, written or implied." Tenn. Code Ann. § 50-6-102(11)(A) (2014). "In order for one to be an employee of another for purposes of our Workers' Compensation Law, it is, therefore, required that there be an express or implied agreement for the alleged employer to remunerate the alleged employee for his services in behalf of the former." *Black v. Dance*, 643 S.W.2d 654, 657 (Tenn. 1982).

Mr. Beers has the burden to prove each and every element of his case by a preponderance of the evidence. *See* Tenn. Code Ann. § 50-6-239(c)(6) (2014). This includes the burden of proving that Ram employed him. The Court finds that Mr. Beers failed to carry his burden of proof. The Court finds that neither witness proved particularly credible in their testimony, which conflicted on a variety of issues, most of which the Court deems irrelevant to the ultimate issue for consideration. Importantly, and in consideration of the Tennessee Supreme Court's ruling in *Black,* both parties testified that Mr. Patel – not Mr. Bhakta -- paid Mr. Beers for work at the Trinity Inn. Further, by Mr. Beers' own admission, Mr. Patel told him to come to work on the date of the alleged injury, and Mr. Patel owns the Trinity Inn.

Accordingly, the Court holds that Mr. Beers is unlikely to prevail at a hearing on the merits of his claim for benefits against Ram, and his request for temporary benefits is denied. Because Mr. Beers did not prove he was a statutory employee, the Court need not address whether he established that he sustained an injury that arose primarily out of and in the course and scope of employment with Ram.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Beers' claim against Ram and its workers' compensation carrier for the requested benefits is denied on the grounds of compensability.

2. This matter is set for Initial Hearing on April 21, 2015, at 9:00 a.m. Central Time.

**ENTERED this the 12th day of March, 2015.**

**Kenneth M. Switzer, Chief Judge**
**Court of Workers' Compensation Claims**

Initial Hearing:

An Initial Hearing has been set with **Chief Judge Kenneth M. Switzer, Court of Workers Compensation Claims. You must call 615-532-9552 or toll free at 866-943-0025 to participate in the Initial Hearing.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The Judge must approve the statement of the evidence before the Clerk of Court shall submit the record to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 12th day of March, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| John Beers, Employee | | | | | x | newlookjohnbeers@gmail.com |
| Michael Haynie, Employer's attorney | | | | | x | mhaynie@manierherod.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims

7